IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD GORDON JULINE, JR.,<br><br>Defendants. | Case No. 23-CR-252-JFH |

## OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Indictment, filed on May 20, 2024 ("Motion"). Dkt. No. 33. The Government has properly responded to Defendant's Motion [Dkt. No. 34], and this matter is ripe for decision. For the reasons set forth below, Defendant's Motion is denied.

## INTRODUCTION

The Government filed its indictment against Mr. Juline on August 7, 2023, charging Defendant with one count of Failure to Register as a Sex Offender in violation of 18 U.S.C. §2250(a). Dkt. No. 2. Upon Government motion [Dkt. No. 5], Defendant was detained on August 14, 2023 after he waived his right to a detention hearing [Dkt. No. 14].

On August 22, 2023, Defendant filed, without opposition, a motion to determine Defendant's competency. Dkt. No. 15. This competency motion was referred to Magistrate Judge Jayne. [Dkt. No. 16]. Defendant was transported to FMC Fort Worth, Texas, and following multiple extensions of time needed to evaluate Defendant, an evaluation was presented to the Court regarding Defendant's competency on November 29, 2023. Dkt. No. 26. The matter of Defendant's competency was heard on December 12, 2023 before Magistrate Judge Jayne, and Defendant was found to be incompetent to stand trial. Dkt. No. 31. Defendant was placed in the

custody of the United States Marshal's Service, which was ordered to "transport the Defendant to the designated BOP facility for care and treatment." *Id*. A competence review hearing was set for May 13, 2024. *Id*. On May 9, 2024, Magistrate Judge Jayne entered a Minute Order indicating that Defendant has not yet been transported to any designated medical facility. Dkt. No. 32.

Defendant filed the instant Motion on May 20, 2024, arguing that the indictment against him should be dismissed because the prolonged delay in transferring Mr. Juline to a designated treatment facility has violated his federal constitutional right to due process as set forth in *Jackson v. Indiana*, 406 U.S. 715 (1972) and recent cases construing the *Jackson* decision in analogous circumstances. *See United States v. Donnelly*, 41 F.4th 1102 (9th Cir. 2022); *United States v. Lara*, 617 F. Supp. 3d 1257 (D.N.M. April 28, 2023); *United States v. Leusogi*, 2022 WL 11154688 (D. Utah, Oct. 19, 2022).

In response, the Government argues that Defendant's statutory rights under 18 U.S.C. §4241 have not been violated and that the delay at issue is reasonably related to effectuating Defendant's hospitalization under 18 U.S.C. §4241, and, as such, Defendant's constitutional rights have not been violated by the delay. Dkt. No. 34. Additionally, the Government has submitted a declaration from Dr. Dia Boutwell, Ph.D., the Chief of Psychological Evaluations for the Federal Bureau of Prisons. Dkt. No. 34-1. Dr. Boutwell represents that Defendant's delayed transfer has been caused by a broader backlog within the BOP for defendants in need of §4241(d) evaluations; this broader backlog is attributable to the lengthy, complex nature of conducting §4241(d) evaluations and also to ongoing staffing issues experienced by the BOP. Dkt. No. 43-1. Dr. Boutwell represents that the BOP has determined that FMC Devens would be the appropriate facility for evaluating and treating Defendant; Defendant is scheduled to be admitted during the week of August 12, 2024. Dkt. No. 34-1.

## ANALYSIS

### I.  There has been no violation of 18 U.S.C. §4241(d).

Procedures for determination of a criminal defendant's competency are set forth within 18 U.S.C. §4241. In this matter, Defendant has already been found incompetent by the Court. Title 18 U.S.C. §4241(d) provides:

> (d) Determination and disposition. If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until—
>
> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law; whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248 [18 USCS §§ 4246 and 4248].

The statute provides that, after Defendant has been hospitalized, the evaluation must take place within "a reasonable period of time, not to exceed four months." This language, by its terms, does not apply to the present circumstances in which Defendant is awaiting transfer to a hospital for evaluation but has not yet been hospitalized. Other courts to have considered this issue are in near universal agreement. *See Lara*, 617 F. Supp. 3d at 1261; *Donnelly*, 41 F.4th at 1105; *United States*

*v. Castrellon*, 2023 U.S. Dist. LEXIS35107, 2023 WL2330688 (D. Colo. March 1, 2023; *United States v. Delorme*, 2023 U.S. Dis. LEXIS 200116, *43, 2023 WL8020262 (D.N.M. Nov. 7, 2023); *but see*, *United States v. Carter*, 583 F. Supp. 3d 94 (D.D.C. 2022).

As such, §4241(d) provides no express time limit within which a defendant must be transferred for hospitalization and competency restoration evaluation. Given that the statute provides no time limitation, this Court will not judicially read such a limitation into the statute; Congress could have created such a time limitation, but it declined to do so. But that is not to say that the Government may hold Defendant indefinitely because he has been found incompetent; Defendant's pretrial confinement clearly implicates his due process rights as defined in *Jackson v. Indiana*, 406 U.S. 715 (1972).

## II. The Due Process rights set forth in *Jackson v. Indiana* and its progeny.

In *Jackson v. Indiana*, the United States Supreme Court held that a person charged with a criminal offense and "committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." 406 U.S. at 738. "At the least, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Id*.

In so holding, the Supreme Court expressly declined to "attempt to prescribe arbitrary time limits." *Id*. The Court did find that Jackson's due process rights had been violated by his commitment for a period of "three and one-half years on a record that sufficiently establishes the lack of a substantial probability that he will ever be able to participate full in a trial." *Id*. at 738-739. The Court also noted, however, that "[w]ere the State's factual premise that Jackson's commitment is only temporary a valid one, this might well be a different case" – that is, the fact

that Jackson was deemed unlikely ever to regain competency was important to the Court's decision. *Id*. at 725.

Ultimately *Jackson* stands for the proposition that the Government cannot hold a defendant indefinitely due to his mental incompetence and the defendant's detention must "bear some reasonable relation to the purpose for which the individual is committed." *Id*. at 738. The Supreme Court expressly declined to "prescribe arbitrary time limits" on how long the Government may hold a mentally incompetent defendant; rather, the Court broadly defined the right at issue, leaving its implementation to be decided in the individual case. *Id*. The Court did indicate that a period of commitment as lengthy as three-and-a-half years could be constitutionally permissible, depending on the individual facts involved.

In light of *Jackson*, Congress implemented procedural changes to how the federal criminal justice system identifies incompetent defendants and attempts to treat said defendants. *See United States v. Delorme*, 2023 U.S. Dist. LEXIS 200116, *68-*69 (D.N.M. Nov. 7, 2023) (citing Report of the United States Senate Committee on the Judiciary referencing *Jackson v. Indiana* in relation to amending 18 U.S.C. 4241). Yet, in setting a four-month window for competency evaluations in 18 U.S.C. §4241(d)(1), it is this Court's view that Congress set forth a stricter deadline than was constitutionally required by the *Jackson* decision.

Given the above, there is no legally justifiable basis to tie the constitutional right outlined in *Jackson* to the four-month time period allowed for competency evaluations in §4241(d). But this is precisely what the Ninth Circuit Court of Appeals has done in *United States v. Donnelly*, 41 F.4th 1102, 1106 (9th Cir. 2022). In *Donnelly*, the Ninth Circuit notes correctly that §4241(d) does not provide an amount of time for which an incapable defendant may be incarcerated awaiting transport to a treatment facility for a §4241(d) evaluation. Having so concluded, the Ninth Circuit

goes on to not that *Jackson* demands that the period of incarceration be "reasonably related" to the purpose for which the individual is incarcerated, and then, without analysis, concludes:

> We do not think *Jackson*'s 'reasonable relation' requirement permits a pre-hospitalization commitment period, whose purpose is simply to identify an appropriate treatment facility and arrange for the defendant's transportation to that facility, to last longer than the maximum time Congress permitted for the period of hospitalization itself.

*Donnelly*, 41 F.4th at 1106; *see also*, *Lara*, 617 F. Supp. 3d at 1263-64. While an incapable defendant's period of incarceration awaiting §4241(d) evaluation must be reasonable under *Jackson*, this Court disagrees that the four-month period of time established by Congress for the evaluation itself to take place sets a baseline for reasonableness. The *Jackson* reasonableness standard is distinct from the four-month deadline set forth in §4241(d) (which was not adopted by Congress until some years after the *Jackson* decision), and there is no legally justifiable reason to conflate the two standards as *Donnelly* and the courts following it have done. Lastly, the Court further disagrees with the Ninth Circuit's assertion that coordinating the mental health treatment of dozens of severely mentally ill criminal defendants across the entirety of the United States is a "simple" process that one should expect to take place without issue or delay. In summary, there is no reason to treat §4241(d)'s four-month time period as of talismanic significance in evaluating whether there has been a denial of due process under *Jackson*; instead, this Court will consider whether Mr. Juline's commitment "bear[s] some reasonable relation to the purpose for which [Mr. Juline] is committed." *Jackson*, 406 U.S. at 738.

### III. There has been no violation of Defendant's right to Due Process under *Jackson*.

Defendant has been incarcerated awaiting §4241(d) evaluation for nearly six months, and the Government represents that Defendant is not expected to be transported for evaluation until the week of August 12, 2024 by which time Mr. Juline will have been committed awaiting evaluation for approximately eight months. Dkt. No. 34-1. This is undeniably a substantial period of time, and it is for this Court to decide whether this eight-month period of incarceration bears some reasonable relation to the purpose for which Defendant is incarcerated.

Defendant has been committed to the custody of the United States Attorney General, awaiting transport to a hospital so that an evaluation under 18 U.S.C. §4241(d) may take place; the "purpose" of the present incarceration is for the Attorney General to determine an appropriate hospital placement for Defendant, for space to become available in the appropriate facility, and for the Attorney General to transport Defendant to said hospital for evaluation and treatment.

In the judgment of the Court, Defendant's incarceration bears some "reasonable relation" to these purposes, but it is a close-run issue. In *Jackson*, the Court wrote that the defendant's "continued commitment must be justified by progress toward" the purpose of his commitment; this is in keeping with that Court's holding that the state could not commit the defendant "indefinitely" on account of his incompetency. Despite the regrettable length of Defendant's incarceration, there is no indication that he is being held "indefinitely" due to his incapacity; to the contrary, the Government has designated a facility for Defendant's hospitalization and has indicated that Defendant's hospitalization is to begin during the week of August 12, 2024. There is no indication that the delay in hospitalizing Defendant is attributable to inadvertence or neglect on the part of the Government. The record indicates that the United States Bureau of Prisons has continually made reasonable efforts to accomplish a §4241(d) evaluation of Defendant as

expeditiously as is practicable, but there are lengthy delays in this process due to pressures and constraints on the institutions concerned that are largely beyond their control. Dkt. No. 34-1. As such, it is this Court's view that Defendant's lengthy commitment, though regrettable, does bear some reasonable relation to the purpose for which he has been committed: there is no indication that Defendant will be committed indefinitely, and, to the contrary, there has at all times been progress toward the purpose of Defendant's commitment, *i.e*, his hospitalization for purposes of a §4241(d) evaluation.

With this said, the Court does not agree with the Government that dismissal of the indictment against Defendant is wholly inappropriate or beyond the purview of the Court. Were dismissal not an available remedy, the statutory and constitutional rights at issue would be rendered meaningless. Though the Court has found that the contemplated delay of eight months in transferring Defendant has not yet violated his right to due process under the circumstances, a different result may be reached should the delay be extended beyond the eight-month period of time that the Government has represented will be sufficient to place Defendant in the appropriate designated facility (at least in the absence of some additional justifying explanation).

IT IS THEREFORE ORDERED that the Defendant's Motion [Dkt. No. 33] is DENIED without prejudice to refiling should Defendant's hospitalization be delayed beyond the week of August 12, 2024.

Dated this 11th day of June 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE